```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

WAVERLY EUGENE LINDSEY,           *
# 166090,                         *
                                  *
     Petitioner,                  *
                                  *
vs.                               *   CIVIL ACTION NO. 20-00238-WS-B
                                  *
JEFF DUNN,                        *
Commissioner, Alabama             *
Department of Corrections,        *
                                  *
     Respondent.                  *

## REPORT AND RECOMMENDATION

Waverly Eugene Lindsey,[1] an Alabama state prison inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. In the instant petition, Lindsey once again seeks to challenge his August 25, 1999 convictions for capital murder and his resulting sentence of life imprisonment without the possibility of parole. (See id.). Having carefully considered

---

[1] In the caption and twice in the body of the present habeas petition, Petitioner's last name is spelled "Lindsay." (See Doc. 1 at 1, 5). However, Petitioner's previous filings in this Court and the records of the Alabama Department of Corrections list Petitioner's last name as "Lindsey"; thus, that is the spelling used by the Court.

Lindsey's petition, Respondent's answer and exhibits (Docs. 12, 12-1, 12-2, 12-3, 12-4, 12-5, 12-6), and the records of this Court,[2] the undersigned **RECOMMENDS** that Lindsey's habeas corpus petition be **DISMISSED without prejudice** for lack of jurisdiction due to Lindsey's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

I.  **BACKGROUND**

As reflected above, on August 25, 1999, following a jury trial, Lindsey was convicted in the Circuit Court of Mobile County, Alabama of fourteen counts of capital murder of five people, and on December 2, 1999, he was sentenced to life imprisonment without the possibility of parole. (Doc. 1 at 1). After unsuccessfully challenging his convictions in the state courts of Alabama for a number of years, Lindsey, proceeding *pro se*, ultimately filed a § 2254 petition in this Court on September 16, 2003. See Waverly Lindsey v. Grantt Culliver, No. 1:03-cv-00625-WS-D (S.D. Ala.

---

[2] The Court takes judicial notice of court documents from Waverly Lindsey v. Grantt Culliver, No. 1:03-cv-00625-WS-D (S.D. Ala. 2003) and Waverly Lindsey v. State of Alabama, No. 1:15-cv-00149-KD-C (S.D. Ala. 2015) because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

2003) ("Lindsey v. Culliver"), ECF No. 1. In his first federal habeas petition, Lindsey raised seven claims challenging his 1999 convictions and sentence. Id. These included six ineffective assistance of counsel claims and one claim that he was denied due process and the right to a fair trial when the trial court refused to allow Lindsey to present certain expert testimony. Id. The Magistrate Judge entered a report and recommendation recommending that Lindsey's ineffective assistance of counsel claims be denied on their merits and that his other claim be denied because it did not state a cognizable federal habeas claim. Id., ECF No. 12. The District Judge adopted the report and recommendation and, on July 28, 2004, entered an order and judgment denying Lindsey's federal habeas petition. Id., ECF No. 16, 17. Lindsey filed a notice of appeal and moved for a certificate of appealability, but the Eleventh Circuit denied his motion for a certificate of appealability on November 10, 2004. Id., ECF No. 18, 20, 24.

More than ten years later, Lindsey, again proceeding *pro se*, filed, on March 5, 2015, a second § 2254 petition in this Court challenging the same 1999 convictions and sentence he had challenged previously. Waverly Lindsey v. State of Alabama, No. 1:15-cv-00149-KD-C (S.D. Ala. 2015) ("Lindsey v. Alabama"), ECF No. 1. In that petition, Lindsey claimed that newly discovered evidence revealed that a key State witness had provided false information to law enforcement and the grand jury. Id. However,

Lindsey failed to comply with the Court's order to pay the $5.00 filing fee or file a motion to proceed without prepayment of fees; thus, the second habeas petition was dismissed without prejudice on June 2, 2015 for failure to prosecute and obey the Court's order. Id., ECF No. 3, 4, 5.

On March 9, 2020, Lindsey, now represented by counsel, filed the instant habeas petition in the United States District Court for the Northern District of Alabama. Like Lindsey's first two habeas petitions, Lindsey's instant petition seeks federal habeas corpus relief from his 1999 capital murder convictions and sentence. (See Doc. 1). On April 13, 2020, United States District Judge L. Scott Coogler entered an order transferring this case to the Southern District of Alabama. (Doc. 3). In the instant federal habeas petition, Lindsey argues that he entitled to relief from his "unconstitutionally obtained conviction and sentence" because new affidavit evidence establishes that he was wrongfully convicted and is actually innocent of capital murder. (Doc. 1 at 1-5). In his answer, Respondent contends that this Court lacks jurisdiction to rule on Lindsey's habeas petition because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244(b) and Lindsey did not obtain an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider it. (Doc. 12 at 3-4). For the reasons set forth below, the Court finds that Lindsey's instant § 2254 habeas petition is due to be dismissed

4

without prejudice for lack of jurisdiction because it is a successive petition and Lindsey did not comply with 28 U.S.C. § 2244(b)(3)(A) prior to filing the petition.

II. **DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53 (2007); see also Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[3] Burton, 549 U.S. at 153 (citations omitted).

---

[3] Section 2244(b)(2) requires the dismissal of a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

5

"[T]he petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); see also Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent

---

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The AEDPA does not define the phrase "second or successive." Magwood v. Patterson, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. See id. at 332-33; Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting Magwood, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." Id. at 1281; see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

This Court's records reflect that Lindsey twice previously filed habeas corpus petitions pursuant to the provisions of 28 U.S.C. § 2254, challenging the same 1999 convictions and sentence that he seeks to challenge in the instant petition. See Lindsey

v. Culliver, *supra*, and Lindsey v. Alabama,[4] *supra*. As noted previously, in Lindsey v. Culliver, this Court denied Lindsey's habeas claims on the merits and entered judgment. Lindsey v. Culliver, ECF No. 12, 16, 17; see Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (holding that denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)); Blackmon v. Sec'y of Fla. Dep't of Corr., 2020 U.S. Dist. LEXIS 125162, at *4, 2020 WL 3978403, at *2 (N.D. Fla. June 16, 2020) ("[A] second petition is successive if it challenges the same judgment as the first and the first was denied on the merits or dismissed with prejudice.") (citing Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999)), report and recommendation adopted, 2020 U.S. Dist. LEXIS 124375, 2020 WL 3977941 (N.D. Fla. July 14, 2020).

Based on the foregoing, the Court finds that Lindsey's instant petition is a successive petition challenging his 1999 convictions and sentence for the purposes of § 2244(b). Lindsey does not allege, and the record does not establish, that he sought, much less obtained, permission from the Eleventh Circuit Court of

---

[4] As noted *supra*, in Lindsey v. Alabama, this Court dismissed Lindsey's § 2254 petition without prejudice for failure to prosecute and obey the Court's order. Lindsey v. Alabama, ECF No. 3, 4, 5; see Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (per curiam) ("When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b)") (emphasis in original).

8

Appeals before filing the instant successive petition. To the extent Lindsey asserts that newly discovered evidence establishing his actual innocence permits a second or successive federal habeas petition, that argument must be presented to the Eleventh Circuit for consideration. See Jeremiah v. Terry, 322 F. App'x 842 (11th Cir. 2009) (per curiam) (holding that petitioner was required to seek Eleventh Circuit's permission to file successive § 2254 petition raising claim of newly discovered evidence of actual innocence, so the district court properly dismissed for lack of jurisdiction); Tompkins, 557 F.3d at 1260 (stating that "the proper procedure" for a petitioner seeking "to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition" would be to "obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition").

Accordingly, the undersigned recommends that Lindsey's present habeas petition be dismissed without prejudice for lack of jurisdiction based on Lindsey's failure to comply with 28 U.S.C. § 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); Tompkins, 557 F.3d at 1259.[5]

---

[5] The Court recognizes that Lindsey has not yet had the opportunity to respond to Respondent's argument that the instant petition is an unauthorized second or successive § 2254 petition. Lindsey may present any arguments addressing the issue in timely objections to this report and recommendation.

9

## III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues

10

presented were "adequate to deserve encouragement to proceed further."'") (quoting Slack, 529 U.S. at 484).

In the instant action, Lindsey has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. See, e.g., Hill, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lindsey should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Lindsey's petition should be dismissed. As a result, Lindsey is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Waverly Eugene Lindsey's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED without prejudice** for lack of jurisdiction due to Lindsey's failure

to comply with 28 U.S.C. § 2244(b)(3)(A). The undersigned also submits that Lindsey is not entitled to a certificate of appealability and is further not entitled to proceed *in forma pauperis* on appeal.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **7th** day of **August, 2020.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**